IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM PENN LIFE INSURANCE COMPANY, etc., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 24-0037-WS-C ) |
| JENNIFER WEST, | ) ) |
| Defendant. | ) ) |

## ORDER

This action was filed eight months ago, on February 7, 2024. (Doc. 1).[1] On September 6, the action was transferred to the undersigned. (Doc. 11). On September 18, the Court denied the plaintiff's pending motion for entry of default, on the grounds that the plaintiff had failed to demonstrate effective service of process. (Doc. 13). Because more than 90 days had passed since the complaint had been filed, the Court ordered the plaintiff to show cause why the action should not be dismissed without prejudice pursuant to Rule 4(m). (*Id*. at 2).

The plaintiff's response states only that, because it sent process by certified mail to the defendant's "only known address," service must have been legally accomplished. (Doc. 14). The plaintiff's *non sequitur* is unresponsive to the issues identified in the Court's order, *viz*.: (1) whether the individual who signed for the mailing is of a class of persons whose receipt can constitute service on the plaintiff; and (2) whether the plaintiff is an incompetent, in which case additional service requirements obtain. (Doc. 13 at 2).

The plaintiff's response is accompanied by several exhibits, one of which confirms that the defendant suffers from a condition that may well render her incompetent for purposes of serving process. (Doc. 14-3). Another exhibit purportedly establishes that

---

[1] All dates herein are 2024.

the person who signed for process resides with the defendant's mother, (Doc. 14-1 at 2), but since his address is not the same as what the plaintiff insists is the defendant's address, (Doc. 14-4 at 59), service could not have been good pursuant to Alabama Rule of Civil Procedure 4(c)(1).  Nor has the plaintiff shown that the defendant specifically authorized this person to receive and deliver her mail pursuant to Rule 4(i)(2)(C).[2]

Because the plaintiff has not shown good service, this action is subject to dismissal under Rule 4(m).  The Court in its previous order warned the plaintiff of this and extended the plaintiff an opportunity to show cause why the action should not be dismissed pursuant to this rule.  (Doc. 13 at 2).  Other than incorrectly insisting that it has effected good service, the plaintiff offers no response.

"[I]f the plaintiff shows good cause for the failure [of service], the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  Good cause exists "only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service."  *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991).  The plaintiff has not shown good cause under this standard for its failure to serve the defendant.

Absent good cause, the Court may, but need not, allow additional time. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005); *accord Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281-82 (11th Cir. 2007).  In determining whether to exercise its discretion to extend the time for service despite the lack of good cause, a court considers whether the defendant is evading service, whether he is concealing defects in service, and whether the statute of limitations will bar the re-filing of the action should it be dismissed.  *Horenkamp*, 402 F.3d at 1132.  This is "not an exhaustive list" of factors a court may consider.  *Lepone-Dempsey*, 476 F.3d at 1182.  There is no indication that any of the listed factors are present, and the plaintiff suggests no others the Court should consider.

---

[2] *See McDermott v. Tabb*, 32 So. 3d 1, 4 (Ala. 2009) (the certified mail receipt, of itself, does not establish that the person signing for process was the defendant's agent for purposes of the rule).

For the reasons set forth above, this action is **dismissed without prejudice** pursuant to Rule 4(m).

DONE and ORDERED this 8th day of October, 2024.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
